# SUPPLEMENT.

## OPINION OF THE JUSTICES TO THE SENATE AND HOUSE OF REPRESENTATIVES.

Under the Twenty-first and Twenty-second Amendments to the Constitution of the Commonwealth there must be an enumeration of the legal voters residing in every ward of a city which is to constitute in the next apportionment the whole or a part of any representative or senatorial district. Such wards must be in existence on the first day of May of the year in which the census is taken, and this is the only requirement concerning the wards in which a census of the legal voters is to be taken. The new wards, if any, which may be created in pursuance of the St. of 1888, c. 437, § 1, are the wards intended to be used in making the next apportionment of senators and representatives.

The Twenty-first and Twenty-second Amendments to the Constitution of the Commonwealth require the apportionment of representatives and senators to be made by the Legislature at its first session after the return of the enumeration provided for in said articles; and until the new apportionment is made, the old apportionment must be followed in the election of senators and representatives.

The Twenty-first and Twenty-second Amendments to the Constitution of the Commonwealth must be construed with reference to the facts existing at the time when they were adopted, and the provisions concerning wards must be held to apply to wards if they exist, not to require that every city should be divided into wards. The number of legal voters in a city may be such as to make it necessary that it be divided into wards in order properly to constitute the representative or senatorial districts, or the number may be sufficient to constitute only a single representative district or a part of one.

ON April 5, 1893, the following order was adopted by the House of Representatives, and on April 10, 1893, by the Senate, and was transmitted on April 22, 1893, to the Justices of the Supreme Judicial Court, who, on April 28, 1893, returned the answer which is subjoined.

" Whereas, By resolves dated May 21, 1886, the Legislature obtained the opinion of the Justices of the Supreme Judicial Court of the Commonwealth upon the proper construction of the Constitution, especially in regard to the meaning and effect of the words ' ward of a city '; and

" Whereas, Such opinion reversed the action of the Commonwealth as taken in 1865 and in 1875, and compelled the decennial apportionment in 1885 of senators and representatives to be made according to the lines of the wards in cities as they existed on May 1, 1885, instead of the lines of new wards made after the taking of the decennial State census ; and

" Whereas, The Legislature by suitable enactments, and more especially by chapter 437 of the Acts of 1888, has undertaken to provide that the various cities of the Commonwealth may, between February 10 and May 1 in the year 1895, make a new division of their respective territories into wards, — but, of course, not by any reference to the decennial State census which will be taken on the first day of May, 1895 ; and

" Whereas, On the first day of May, 1895, there will be in every city the wards which have been in existence since 1885, which wards will be recognized at the State election in November, 1895, and at any special State election until November, 1896 ; and

" Whereas, the above cited opinion of the Supreme Judicial Court has set forth that, under the laws in force in 1886 (and which have since been repealed), there was ' one system of wards for the purpose of electing councillors, senators, and representatives, and a different system of wards for all other purposes ' ; but the said court has not decided whether there can be, at the same time, two distinct systems of wards for the purpose of electing councillors, senators, and representatives ;

" Therefore, It is ordered by the General Court, in each branch thereof, that the opinion of the Justices of the Supreme Judicial Court be required upon the following important questions of law : — 

" First. In case any city, in accordance with the terms of any statute upon the subject, shall have undertaken to make a new division of its territory into wards, in the State decennial census of 1895, to be taken and returned into the office of the Secretary of the Commonwealth, shall the enumeration of legal voters residing in each ward of such city be made according to such new division, or according to the ward lines which have been the indivisible parts of councillor, senatorial, and representative districts since 1885, and which will continue until the State elections in November, 1896 ?

" Second. Under the terms of the Constitution, the census is to be taken in 1895, and a new apportionment of senators and representatives is to be made by the General Court at its first session thereafter, viz. in 1896. But by Articles XXI. and XXII. of the Amendments to the Constitution, the enumeration aforesaid shall determine the apportionment of representatives and senators ' for the periods between the taking of the census.' What provision is made for the apportionment and election of members in the year following the census and before the new apportionment?

" Third. Does the requirement that the decennial enumeration of legal voters shall specify the number residing in each ward in a city establish a constitutional provision that cities must always contain wards? If so, is there any definition establishing what constitutes a ward?"

To the Honorable the Senate and the House of Representatives of the Commonwealth of Massachusetts.

We received on the 22d instant your order adopted in concurrence, a copy of which is annexed, and we respectfully submit the following opinion.

First. Article XXI. and Article XXII. of the Amendments to the Constitution both provide as follows: " In the census aforesaid, a special enumeration shall be made of the legal voters ; and in each city said enumeration shall specify the number of such legal voters aforesaid, residing in each ward of such city. The enumeration aforesaid shall determine the apportionment of representatives [or senators] for the periods between the taking of the census." There must therefore be an enumeration of the legal voters residing in every ward of a city which is to constitute in the next apportionment the whole or a part of any representative or senatorial district. Such wards must be wards in existence on the first day of May of the year in which the census is taken, and this is the only requirement of these Articles concerning the wards in which a census of the legal voters is to be taken. The Legislature, if it sees fit, can also provide for the enumeration of the legal voters residing in any other defined districts or parts of a city, but these Articles of the Constitution do not require this to be done.

Under St. 1888, c. 437, the new wards, if any, which may be created in pursuance of the first section, are undoubtedly the wards intended to be used in making the next apportionment of senators and representatives.

Second. Until the new apportionment is made, the old apportionment must be followed in the election of senators and representatives. These Articles of the Constitution require the apportionment to be made by the Legislature at its first session after the return of the enumeration. In the year 1895 a census must be taken on the first day of May, which is to be returned into the office of the Secretary of the Commonwealth on or before the last day of June. If there is a session of the Legislature begun and held in the year 1895, after the return of this enumeration, it is its duty to make the apportionment, and the apportionment may possibly be completed before the annual election in November of that year. If this happens, then this election must be held under the new apportionment. If there is no such session, then the Legislature at its session to be begun on the first Wednesday of January, 1896, must make the apportionment. The Legislature is to divide the Commonwealth "into forty districts of adjacent territory," each of which shall elect one senator; and "no town or ward of a city shall be divided therefor." The Legislature is also to apportion to the several counties of the Commonwealth the representatives to which each county is entitled. The mayor and aldermen of the city of Boston and the county commissioners of other counties than Suffolk, unless special commissioners are elected for the purpose, "shall, on the first Tuesday of August next after each assignment of representatives to each county, assemble at a shire town of their respective counties, and proceed" to divide each county into representative districts of contiguous territory, "and such districts shall be so formed that no town or ward of a city shall be divided therefor, nor shall any district be made which shall be entitled to elect more than three representatives." A description of these districts "shall be returned by the board to the Secretary of the Commonwealth, the county treasurer of each county, and to the clerk of every town in each district, to be filed and kept in their respective offices."

Unless, then, the new apportionment is complete before the

annual election of the year 1895 is held, it must necessarily be held under the old apportionment. We do not feel called upon to consider whether it may not be possible that an apportionment may be considered as complete for the purpose of electing senators, and yet remain incomplete for the purpose of electing representatives, because the condition of things which might occasion such an inquiry is not likely to arise. The clause that " The enumeration aforesaid shall determine the apportionment of representatives [or senators] for the periods between the taking of the census," must mean that the apportionment is to be made upon the enumeration, and that the apportionment, after it is made, must determine the representative and senatorial districts and the number of representatives appropriate to each representative district until a new enumeration and an apportionment have been made. The enumeration and the apportionment are parts of one proceeding for distributing among the cities and towns of the Commonwealth in just proportion, every ten years, the senators and representatives to be elected during that period.

Third. These Amendments to the Constitution were not passed to regulate the municipal organization of cities. The Constitution as originally framed made no provision for cities. Article II. of the Amendments first authorized the General Court " to erect and constitute municipal or city goverments," etc., and " to prescribe the manner of calling and holding public meetings of the inhabitants, in wards or otherwise, for the election of officers under the Constitution, and the manner of returning the votes given at such meetings." When Articles XXI. and XXII. were adopted, every city charter which had been granted contained provisions for dividing the city into wards, and we believe that up to the present time all city charters which have been granted contain similar provisions, and we are not aware of any intention on the part of the Legislature to create cities without wards. These articles must be construed with reference to the facts existing at the time when they were adopted, and the provisions concerning wards must be held to apply to wards if they exist, not to require that every city should be divided into wards. The number of legal voters in a city may be such as to make it necessary that it be divided into wards in order properly to con-

stitute the representative or senatorial districts, or the number may be sufficient to constitute only a single representative district or a part of one. The town of Brookline, for example, had in the year 1890 sufficient population to become a city. It at present constitutes one representative district, entitled to one representative, and it is a part of a senatorial district. If it should be made a city, and retain the same population as it had in the year 1890, there is nothing in Articles XXI. and XXII. which requires that it should be divided into wards.

> WALBRIDGE A. FIELD.
> CHARLES ALLEN.
> OLIVER WENDELL HOLMES, JR.
> MARCUS P. KNOWLTON.
> JAMES M. MORTON.
> JOHN LATHROP.
> JAMES M. BARKER.